Scileppi, J. (concurring).
I agree that a new trial is required here because of the trial court’s erroneous instruction to the jury that deprivation of counsel was only a factor to be considered on the issue of the voluntariness of defendant’s confession. However, I cannot assent to the majority’s assertion that the holdings in People v. Donovan (13 N Y 2d 148), People v. Fallia (14 N Y 2d 178) and People v. Gunner (15 N Y 2d 226) equally are applicable to statements made by a witness as distinguished from statements given by an “ accused ” or a ‘ ‘ suspect ’ ’.
The general rule — and it seems to me that at some point we must return to first principles — is that all relevant evidence is admissible, unless excluded by some specific rule of law (1 Wigmore, Evidence [3d ed.], § 10, p. 293; Richardson, Evidence [9th ed.], § 5, p. 4). With respect to confessions, the specific exclusionary principles are rooted in overriding considerations of social policy. Thus, in Donovan, this court found sufficient reasons of policy to invoke the exclusionary principle in “ this State’s constitutional and statutory provisions pertaining to the privilege against self incrimination and .the right to counsel (N. Y. Const., art. I, § 6; Code Crim. Pro., §§ 8, 188, 308, 699), not to mention our own guarantee of due process (N. Y. Const., art. I, § 6) ” (13 N Y 2d 148, 151, supra). It was this interplay between the right to counsel and the privilege against self incrimination which formed the rationale for the Donovan holding for, in the court’s opinion, having the benefit of these “ cherished individual rights ”, defendant was entitled to consult with counsel so that he might be made aware of his rights and protect them. As the court phrased it, ‘ ‘ one of the *391 most important protections which counsel can confer while his client is being detained by the authorities is to preserve his client’s privilege against self incrimination and prevent the deprivation of that and other rights which may ensue from such detention” (supra, pp. 151-152).
It is obvious from the foregoing that the decisions in Donovan and its sequelae presuppose that the right to counsel resided in the defendants at or before the time their statements were made to the authorities. By no fair or reasonable interpretation of our Constitution or statutes, however, can the same underlying assumption be said to hold true with respect to a person being interrogated by the authorities as a mere witness. Our constitutional guarantee of counsel in criminal cases (N. Y. Const., art. I, § 6), as well as its Federal counterpart (U. S. Const., 6th Amdt.), speaks in terms only of a person “ accused ”, and our relevant statutes (Code Crim. Pro., §§ 8, 188, 308, 699) extend their protection only to a “ defendant ”. Surely, it is stretching this concept beyond intendment to include a mere witness — against whom the inquisitorial process has not yet come to focus and who is being questioned principally to unearth pertinent facts and circumstances surrounding the commission of the crime—within the ambit of the terms “ accused ” and “ defendant ”.
Since a witness has neither a constitutional nor a statutory right to counsel, it is apparent that the decision to extend the exclusionary rule of Donovan (supra) to one so situated does not rest on the same theoretical foundation as supported that case. One block having been removed from under the Donovan rationale, the majority’s conclusion here, of necessity, must rest solely on the privilege against self incrimination.* In other words, that privilege, standing alone, is now being construed to require the exclusion from evidence of incriminatory statements made by any person, in the absence of counsel, once it has been established that that person has requested an attorney or that his attorney has requested to consult with him. Such a construction is untenable. The privilege against self incrimi *392 nation .has never been thought to include within it the collateral right to be advised by counsel of its existence. The privilege and the right to counsel have always been separate provisions, interacting at times, as in Donovan, but nevertheless distinct, the privilege against self incrimination being intended to prevent the State from compelling a person to bear witness against himself—a factor not involved here in this purely voluntary statement — and the right to counsel being intended to guarantee representation to a person accused of crime. To be sure, both provisions .seek to assure the fairness of criminal procedure, but I cannot assent to the proposition that both may be thus wrapped up in one package.
The result reached by the majority here today may be justified on the grounds of expediency in that it eases the burden otherwise imposed on law enforcement authorities and the courts of determining the point when the investigational .stage has become accusatorial and applying disparate rules to each. Too, it might be considered to add symmetry to the rules previously announced. Symmetry and expedience, however, cannot justify departure from settled constitutional principles. The exception to the rule, that all relevant evidence is admissible, I fear, in true camel and Arab fashion, is displacing the rule itself.
In short, it is my view that statements made by a witness should not be excluded, even though he later may become an ‘ ‘ accused ” or a “ defendant ’ ’.
Chief Judge Desmond and Judges Dye, Van Voorhis, Burke and Bergan concur with Judge Fuld; Judge Scileppi concurs in result in a separate opinion.
Judgment of conviction reversed and a new trial ordered.

 Assuredly the interrogation by police officers, in the absence of counsel, of a person they had no reason to suspect, does not so trench upon “ the concept of ordered liberty” (Palko v. Connecticut, 302 U. S. 319, 323) as to constitute a denial of due process of law.